Roy O. HOFFMAN, Regional Director of the Twentieth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

RETAIL STORE EMPLOYEES' UNION, LOCAL NO. 428, RETAIL CLERKS INTERNATIONAL ASSOCIATION, AFL-CIO, Respondent.

No. 40552.

United States District Court
N. D. California, S. D.
June 27, 1962.

Garry, Dreyfus & McTernan, Francis J. McTernan, James Herndon, San Francisco, Cal., for respondent.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Julius G. Serot, Asst. Gen. Counsel, Louis S. Penfield, Regional Attorney, Region 20, Walter L. Kintz, Jr., Walter N. Moldawer, San Francisco, Cal., for petitioner.

HARRIS, Chief Judge.

■ Petitioner, Regional Director of the Twentieth Region of the N. L. R. B., seeks a temporary injunction against respondent pending final disposition of charges filed by California Association of Employers on behalf of its employer-member, Martino's Complete Home Furnishings, pursuant to Section 10($l$) of the National Labor Relations Act (29 U.S.C.A. § 160($l$)). Petitioner alleges that respondent Union is engaging in an unfair labor practice within the meaning of Section 8(b) (7), subparagraph (C) of the Act. The particular section proscribes recognition and organizational picketing. Petitioner, in its appearance before this Court, produced witnesses who testified that respondent Union was engaging in conduct forbidden by this section. If this Court is satisfied that the testimony establishes that there is reasonable cause to believe that respondent's conduct violates the cited section, then it must issue the temporary injunction which petitioner seeks. (N. L. R. B. v. Denver Building, etc., Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284)

There is no dispute that picketing has persisted over a period of many months, during which time Martino, who operates a small furniture store, has had no employees who have belonged to respondent's Union. It is the contention of petitioner that: "It would be unrealistic to dissociate the picketing from the notice of denial of the Union's efforts to secure representation of Martino's employees as part of the larger multi-employer unit."

By way of background, it should be noted that for many years Martino belonged to a multi-employer unit which negotiated with respondent Union. In 1961 the Employers Association notified the Union that it was terminating its function as a bargaining agent for its members and henceforth they would ne-

gotiate individually based on the membership affiliation of the employees of each store. In the case of Martino, the employees did not belong to the respondent Union. When the Union sought to obtain an extension of the contract for a period of time it was unsuccessful. Thereafter it established picket lines at several furniture stores in the area, including Martino's.

By way of defense and resistance to the present motion for temporary injunction, the Union cites the exception to be found in subparagraph (C) which specifies the conditions under which the Court shall decline to interfere with picketing on the part of the Labor Union. The language relied upon reads as follows:

" * * * nothing in this subparagraph (C) shall be construed to prohibit any picketing or other publicity for the purpose of truthfully advising the public (including consumers) that an employer does not employ members of, or have a contract with, a labor organization, unless an effect of such picketing is to induce any individual employed by any other person in the course of his employment, not to pick up, deliver or transport any goods or not to perform any services."

The evidence is not in serious conflict concerning the activities of the pickets. With the exception of several incidents, they proceeded in an orderly fashion with a notice informing the public of the circumstances under which they were patrolling the area immediately before Martino's place of business. There was no testimony that any of the pickets told anyone expressly that he should not cross the picket line.

It should be noted that in several instances truck drivers failed to make direct delivery of merchandise. One picket recorded license numbers of automobiles whose occupants patronized the store; this same picket apparently carried a camera for the purpose of taking pictures. The record discloses that this conduct, when brought to the attention of the Union, was immediately stopped.

It lasted over a short interval. At best the testimony discloses a marginal situation.

Several well-considered decisions of this Court have held that picketing of this nature is more informational than it is organizational in its objective. Kennedy etc., v. Retail Clerks Union Local 324, D.C., 194 F.Supp. 131; Brown, etc., v. Department & Specialty Store Employees Union, D.C., 187 F.Supp. 619; see also, Cosentino, etc. v. Carpenters Dist. Council, D.C., 200 F.Supp. 112, and LeBus, etc. v. Building and Const. Trades Council, D.C., 199 F.Supp. 628.

In Kennedy, etc. v. Retail Clerks Union, supra, 194 F.Supp. p. 138, Judge Yankwich had occasion to consider facts which were somewhat comparable to those considered herein.

In denying injunctive relief, the Court said:

"Grant that our function is not to determine the truth of the charge made in the proceedings before the Board, nevertheless, in the light of what has been said, a finding that reasonable cause exists would not be warranted in the circumstances. For the credible evidence in the case warrants the conclusion that we have here the exercise of the undeniable and guaranteed right of unions to appeal to the public (including consumers) not to patronize, i. e., clearly a case of legitimate picketing. See, Brown, etc. v. Department & Specialty Store Employees Union, D.C., 1960, 187 F.Supp. 619, 624-625; Department and Specialty Store Employees' Union, etc. v. Brown, 9 Cir., 1960, 284 F.2d 619, 626.

"The denial of the injunction will not, of course, affect or interfere with the Board's final determination of the charge before it, in aid of which injunction is sought."

This is not the type of case that impels injunctive relief, mindful of the caution and circumspection that should guide the Court on an application of this

**274**

character, particularly in the light of the contention urged by respondent that the distribution of a handbill is protected by constitutional safeguards. Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093.

The denial of the motion for temporary injunction does not of course constitute a judicial determination that the respondent did not commit an unfair labor practice as charged. This is a matter for the Board to determine.

IT IS ORDERED that the motion for injunction be, and the same hereby is, denied.